## MARIA SMITH *v.* LOUISVILLE, NEW ORLEANS AND TEXAS RAILROAD COMPANY.

NAVIGATION.    *Obstruction thereof.    Subsequent legislative authority.    Action for damages.    Plea.*

S. was the owner of a steamboat engaged in the navigation of an internal river of this State, when, on the 1st of January, 1884, a railroad company, by the erection of a bridge across the river, obstructed the navigation thereof. On the 12th of March, 1884, the railroad company was authorized by an act of the legislature to erect a bridge similar to that already erected. Subsequently S. sued for the damages resulting to her from such obstruction of the

navigation of the river. The railroad company plead the legislative act referred to. *Held,* that the plea is no defense to the demand for damages which accrued between the 1st of January and the 12th of March, 1884.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

The case is sufficiently stated in the opinion of the court.

*A. M. Lea,* for the appellant.

It is contended that appellant's right of action was extinguished on the 12th day of March, A. D. 1884, by an amendment to the charter of the defendant company approved that day, as follows: " Section 3. Be it further enacted, That said company shall have the right to cross all streams on the line of its route, except the Yazoo River, with span bridges."

Appellee asks that this section may be construed as a legislative pardon for past offenses and that it may be extended back to January 1, and operate a release from all liability to plaintiff for injuries inflicted months before its passage. We protest against such a construction, and it is from a judgment giving it this effect that we appeal.

What is there in the language employed or in the nature or character of the legislation to take it out of the cardinal rule of construction—that a statute should have a prospective operation only unless its terms show clearly a legislative intention that it should operate retrospectively? There is no occasion to inquire into the power of the legislature to extinguish rights of action already accrued, because it is very clear that in this instance they have not attempted to do so. We find nothing in the section relied on from which to impute the intent.

" It must clearly appear that the act embraces this very case before we can suppose that the legislature intended to legislate retrospectively to bar an action for a prior injury." 55 Penn. St. 83 ; Sedgwick, Statutory Law, 160–172.

*Miller, Smith & Hirsh,* for the appellee.

The point made by plaintiff is that the act of March 12, 1884, was passed after the special damage complained of had accrued to her, and that this act did not deprive her of her right of action.

This point has been passed on by the Supreme Court of the United States in the *Wheeling Bridge Case* in 18 Howard 431. In this case the court says :

" But although this right of navigation be a public right common to all, yet a private party sustaining special damage by the obstruction may, as has been held in this case, maintain an action at law against the party creating it to recover his damages or file a bill in chancery for the purpose of removing the obstruction. In both cases the private right to damages or to the removal arises out of the unlawful interference with the enjoyment of the public right, which, as we have seen, is under the regulation of Congress.

" Now, we agree if the remedy in this case had been an action at law and a judgment rendered in favor of the plaintiff for damages, the right to these would have passed beyond the reach of the power of Congress. It would have depended, not upon the public right of free navigation of the river, but upon the judgment of the court."

The court further says :

" In respect to these purely internal streams of a State, the public right of navigation is exclusively under the control and regulation of the State legislature, and in cases where these erections or obstructions to the navigation are constructed under a law of the State or sanctioned by legislative authority, they are neither a public nuisance subject to abatement, nor is the individual who may have sustained special damage from their interference with the public use entitled to any remedy for his loss." See also Cooley on Const. Lim. 385, 541, 542 (marginal page), and 14 Serg. & Rawle 71.

COOPER, J., delivered the opinion of the court.

The declaration is that the plaintiff was the owner of a steamboat which was engaged by her in the navigation of the Sunflower River and Deer Creek, navigable streams in this State, and that on the 1st day of January, A. D. 1884, the defendants unlawfully obstructed the navigation of Deer Creek by the erection of a pile

bridge therein, whereby plaintiff was prevented from navigating the same, to her damage. The second plea of the defendant avers that on the 14th of March, A. D. 1884, it was authorized by the legislature of this State to erect such bridge in and across said creek. To this plea a demurrer was interposed, which was over-ruled by the court.

The demurrer should have been sustained. The plea interposes no defense to the action for the damages which accrued between the 1st day of January and the 14th day of March. The fact that the defendant on the latter day might lawfully obstruct the navigation of the stream does not relieve it from the consequences of its pre-vious unlawful act.

*The judgment is reversed and the demurrer sustained.*